UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEI MIN XU,<br><br>            Plaintiff,<br>   v.<br><br>MATT WEIS; JANE DOE WEIS; and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>            Defendants. | CASE NO. 2:22-cv-00118-TL<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

This matter comes before the Court *sua sponte* upon review of the record, including Defendant Allstate Fire and Casualty Insurance Company's notice of removal on the basis of diversity jurisdiction (Dkt. No. 1) and the Parties' responses to the Court's prior Order to Show Cause (Dkt. No. 10). For the reasons below, the Parties are ordered to show cause why this case should not be dismissed or remanded for lack of diversity jurisdiction.

ORDER TO SHOW CAUSE REGARDING
SUBJECT MATTER JURISDICTION - 1

## I. BACKGROUND

This case arises out of an auto insurance claim related to a motor vehicle collision. Dkt. No. 1-1, at 2. Plaintiff Wei Min Xu is a resident of the State of Washington. *Id.* at 3. Defendants Matt Weis and "Jane Doe" Weis (the "Weis Defendants") are residents of the State of Washington, while Defendant Allstate is a foreign corporation that conducts business in the State of Washington as an insurance company. *Id.* Plaintiff filed this case in the King County Superior Court, asserting various claims under Washington law. *Id.* at 6–8. Allstate removed the case to this Court, asserting diversity jurisdiction on the basis that Mr. Weis[1] is fraudulently joined as a party to the case and should be disregarded for the purposes of determining whether diversity jurisdiction exists here. Dkt. No. 1, at 3–4.

On April 20, the Court noted that the Weis Defendants appeared to not have been served with process and ordered Plaintiff to show cause why the Weis Defendants should not be dismissed under Federal Rule of Civil Procedure 9(m) for failure to serve process. Dkt. No. 10, at 2. Plaintiff responded to the April 20 Order, representing that there have been three attempts to serve Mr. Weis and asking the Court to recognize that service has been effected as to Mr. Weis. Dkt. Nos. 11, 12. Allstate filed a response as well, arguing that Plaintiff has failed to demonstrate adequate service of process on Mr. Weis. Dkt. No. 13, at 2–3. Allstate also again argued that the Weis Defendants are improperly joined in this case. *Id.* at 1–2.

## II. DISCUSSION

In reviewing the Parties' responses to the April 20 Order, the Court was reminded that it must first assure itself that it has subject matter jurisdiction over this case, regardless of whether

---

[1] The citizenship of fictitious defendants, such as "Jane Doe" Weis, is disregarded in assessing removability. 28 U.S.C. § 1441(b).

a party has moved to remand or otherwise challenge the Court's jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[A] district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). Absent subject matter jurisdiction, the Court must remand the case to the King County Superior Court. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendants bear the burden of showing, by clear and convincing evidence, that fraudulent joinder exists, such that a non-diverse Defendant who would otherwise defeat diversity jurisdiction is disregarded for the purposes of determining diversity jurisdiction. *See, e.g.*, *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (defining fraudulent joinder and noting the "clear and convincing evidence" standard); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (party seeking removal bears the burden of establishing that removal is proper).

Here, Allstate bases its removal solely on diversity jurisdiction. Dkt. No. 1, at 2. But both Plaintiff and Defendant Mr. Weis are citizens of Washington (Dkt. No. 1-1, at 3), which ordinarily defeats diversity jurisdiction. *See, e.g.*, *Hunter*, 582 F.3d at 1043 (citing 28 U.S.C. § 1332(a)) ("[F]ederal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant"). Allstate argues, however, that Mr. Weis's presence may be disregarded for the purposes of establishing diversity jurisdiction because he was fraudulently joined in this case. *See* Dkt. No. 1, at 3–4.

### III. CONCLUSION

Accordingly, before the Court rules on the adequacy of Plaintiff's attempted service of process on Mr. Weis or issues a case scheduling order, it is hereby ORDERED:

ORDER TO SHOW CAUSE REGARDING
SUBJECT MATTER JURISDICTION - 3

Because it is a defendant's burden to establish the existence of federal jurisdiction, Defendants shall respond **within fourteen (14) days** of this Order addressing the issue of fraudulent joinder, as set forth in Allstate's Notice of Removal (*see* Dkt. No. 1). Plaintiff shall submit a response **within fourteen (14) days** after Defendants' initial response. Defendants may reply **within seven (7) days** after Plaintiff's response. Any brief submitted by Parties in response to this Order shall not exceed **ten (10) pages**, and any reply brief shall not exceed **six (6) pages**.

Dated this 7th day of June, 2022.

Tana Lin
United States District Judge