UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEI MIN XU,<br><br>          Plaintiff(s),<br>   v.<br><br>MATT WEIS; JANE DOE WEIS; and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>          Defendant(s). | CASE NO. 2:22-cv-00118-TL<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER |

    This matter is before the Court on Plaintiff Wei Min Xu's Motion for Protective Order. Dkt. No. 22. Having reviewed the motion, Defendant Allstate Fire and Casualty Insurance Company's response (Dkt. No. 24), and the relevant record, the Court DENIES Plaintiff's motion.

    Plaintiff originally filed this case in the King County Superior Court, asserting various claims under Washington law. Dkt. No. 1-1 at 6–8. Allstate removed the case to this Court, asserting diversity jurisdiction on the basis that Mr. Weis is fraudulently joined as a party to the case and should be disregarded for the purposes of determining complete diversity. Dkt. No. 1 at 3–4. On June 7, 2022, the Court issued an Order to Show Cause Regarding Subject Matter

Jurisdiction. Dkt. No. 16. The Parties have submitted briefing on this jurisdictional issue, and the Court currently has it under advisement. Separately, Plaintiff filed a Motion for Protective Order in which he requests that the Court stay discovery pending resolution of the jurisdictional issue.[1] Dkt. No. 22.

A district court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 26(c), "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery or specifying terms, including the time and place, for discovery. Fed. R. Civ. P. 26(c)(1). The burden is on the party seeking the order to "'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Plaintiff has not met his burden for establishing good cause to stay discovery. As an initial matter, Plaintiff raises a concern that the Court *may* have to "grapple with" a future motion to compel while deciding the jurisdiction issue. Dkt. No. 22 at 3. That motion has yet to exist, and it alone cannot constitute good cause to stay all discovery in the case.

It is true that the case cannot continue to proceed before this Court *after* the Court decides it lacks subject matter jurisdiction, if in fact the Court does so. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868))). But Plaintiff cites no authority demonstrating that the Court must forbear from any orders or action in the case, particularly one that is purely procedural in nature and does not touch upon the merits of a case,

---

[1] While Plaintiff does not cite it, the motion is presumably brought under Federal Rule of Civil Procedure 26(c).

ORDER DENYING MOTION
FOR PROTECTIVE ORDER - 2

*before* deciding it has no subject matter jurisdiction. Indeed, other courts have refused to stay discovery in similar circumstances, especially where a finding of lack of jurisdiction would have resulted in a remand to state court rather than a full dismissal and discovery would still be relevant for whatever court the cases ultimately proceed in. *See, e.g.*, *Martinez v. Las Vegas Metro. Police Dep't*, 2020 WL 3166611 (D. Nev. June 9, 2020) (denying stay of discovery "because the case will continue in one court or the other and discovery conducted now would not necessarily result in a waste of the parties' resources"); *Carapella v. State Farm Fla. Ins. Co.*, 2018 WL 7268163 at *2 (M.D. Fla. Nov. 5, 2018) ("Even if the case is remanded, the discovery obtained in federal court can be used in the state court.").

Plaintiff also fails to make a single argument showing "harm or prejudice that will result from the discovery," as he must, *see Rivera*, 364 F.3d at 1063, and therefore fails to carry his burden of demonstrating good cause on that basis alone. Absent such a showing, the Court sees no reason to delay the case and prevent discovery from moving forward.

Defendant also raises that Plaintiff's Motion for Protective Order appears to include an improper surreply to the Parties' briefing on the jurisdictional issue. Dkt. No. 24 at 5. The Court agrees that the material at pages 3:24 to 4:4 of the motion (Dkt. No. 22) is an improper surreply, and the Court will not consider that information.

For the foregoing reasons, it is hereby ORDERED: Plaintiff's Motion for Protective Order (Dkt. No. 22) is DENIED, and the text at 3:24–4:4 of Plaintiff's motion is STRICKEN as an improper surreply.

Dated this 19th day of August 2022.

Tana Lin
United States District Judge