UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEI MIN XU,<br><br>　　　　　　Plaintiff(s),<br>　　v.<br><br>MATT WEIS; JANE DOE WEIS; and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　Defendant(s). | CASE NO. 2:22-cv-00118-TL<br><br>ORDER |

This is a claim for insurance coverage arising out of a 2016 motor vehicle collision. Dkt. No. 1-1 at 1. This matter is before the Court on the motion to quash Defendant's subpoena brought by non-party Law Offices of Louis G. Hunter (the "Motion to Quash").[1] Dkt. No. 35.

---

[1] The question of whether the Court has subject matter jurisdiction to retain this case remains pending before this Court. *See* Dkt. No. 16. As the Court has previously noted, however, the Court may rule on procedural issues that do not touch upon the merits of the case, especially where it pertains to discovery that would be relevant whether the case proceeds in federal or state court. *See* Dkt. No. 26 at 2–3.

ORDER - 1

Having considered the relevant record, the Court G RANTS in part and D ENIES in part the Motion to Quash for the reasons below.

The Law Offices of Louis G. Hunter ("Hunter") is a non-party to this action. Dkt. No. 35 at 1. On December 9, 2022, Defendant Allstate Fire and Casualty Insurance Co. served a subpoena (the "Subpoena") on Hunter for certain information relating to *Dahir v. Xu*, No. 16-2-23847-5 SEA (King Cnty. Super. Ct. 2016), by December 23, 2022. Dkt. No. 35-1 at 4, 7. *Dahir* is an action in which Hunter represented the party opposing Wei Min Xu, the Plaintiff and insurance claimant in this case, for damages arising out of the 2016 motor vehicle collision at issue in this case. Dkt. No. 35 at 2.

On January 17, 2023, Hunter filed the Motion to Quash, objecting to the following requests from the Allstate subpoena:

> ***Request 1:*** All DOCUMENTS and COMMUNICATIONS RELATED TO the lawsuit captioned *Abdullahi H. Dahir v. Wei M. Xu and Jane Doe Xu*, King County Superior Court, Case No. 16-2-23847-5 SEA.
>
> ***Request 2:*** All DOCUMENTS and COMMUNICATIONS, including, but not limited to, any mediation submissions, RELATED TO the mediation conducted on December 3, 2018, at Bolton Mediation in the lawsuit captioned *Abdullahi H. Dahir v. Wei M. Xu and Jane Doe Xu*, King County Superior Court, Case No. 16-2-23847-5 SEA.
>
> ***Request 3:*** All DOCUMENTS and COMMUNICATIONS including, but not limited to, any arbitration submissions, RELATED TO the Arbitration conducted on July 30, 2018, before Arbitrator Patrick J. Leahy in the lawsuit captioned *Abdullahi H. Dahir v. Wei M. Xu and Jane Doe Xu*, King County Superior Court, Case No. 16-2-23847-5 SEA.
>
> ***Request 4:*** All DOCUMENTS and COMMUNICATIONS RELATED TO the ACCIDENT, Abdullahi Dahir, and/or Wei Xu.

*Id.* at 2–3. Hunter's objection is based solely on attorney-client privilege and the work product doctrine. *Id.* at 4.

Allstate opposes the Motion to Quash, arguing that the motion is untimely because Hunter not only failed to object by the end of the requested deadline for production (December 23, 2022) but also waited almost another month before filing this Motion to Quash. Dkt. No. 37 at 2. Allstate also represents that it is not seeking privileged communications and work product materials. *Id.* at 6. Hunter did not file a reply.

Federal Rule of Civil Procedure 45(d)(2)(B) requires that a person subject to a subpoena for production serve any objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served" (here, December 23 for both). Hunter did not serve any objections or indeed respond to the Subpoena in any form on a timely basis.

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) permits the Court to quash or modify a subpoena "[o]n timely motion," which courts of this District have interpreted to mean within the time set in the subpoena for compliance. *See, e.g.*, *United States v. King Cnty.*, No. C20-203, 2022 WL 16835866, at *2 (W.D. Wash. Nov. 9, 2022) (denying third-party motion to quash subpoena in part as untimely); *see also Smith v. Legacy Partners Inc.*, No. C22-629, 2022 WL 1194125, at *2 (W.D. Wash. Apr. 21, 2022) (same). The Motion to Quash is untimely, as it was filed 39 days after service of the Subpoena and 25 days after the deadline for compliance with the Subpoena. Hunter fails to otherwise justify its delay in bringing the motion.

The Court recognizes, however, that Hunter has a right to be protected from burdensome discovery requests. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney . . . must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court . . . must enforce this duty . . . ."). Therefore, the Court will limit the Subpoena, which contains fairly broad requests for production, to documents that are relevant to whether Mr. Xu was the party at fault in the 2016 motor vehicle collision. *See* Dkt. No. 37 at 3 (Allstate's rationale for the Subpoena).

Accordingly, the Court GRANTS in part and DENIES in part the Motion to Quash (Dkt. No. 35). Hunter must produce documents responsive to the Subpoena that relate to whether Mr. Xu was the party at fault in the 2016 motor vehicle collision and that are not protected by the attorney-client privilege or work product doctrine.

Dated this 16th day of February 2023.

Tana Lin
United States District Judge

ORDER - 4