UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEI MIN XU,

Plaintiff(s),

v.

MATT WEIS; JANE DOE WEIS; and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant(s).

CASE NO. 2:22-cv-00118-TL

ORDER REGARDING SUBJECT MATTER JURISDICTION AND REMANDING CASE

This matter is before the Court on its Order to Show Cause Regarding Subject Matter Jurisdiction. Dkt. No. 16. Having reviewed the Parties' briefing, their presentation at oral argument, and the relevant record, the Court hereby finds that it lacks subject matter jurisdiction, DENIES Plaintiff's request for attorney fees and costs, and REMANDS this case to King County Superior Court.

## I. BACKGROUND

This case arises out of an underinsured motorist insurance claim related to a motor vehicle collision. Dkt. No. 1-1 at 2. Defendants Matt Weis and "Jane Doe" Weis (the "Weis Defendants") are residents of the State of Washington, and Defendant Allstate is a foreign insurance corporation that conducts business in the State of Washington. *Id.* Allstate insured the vehicle that Plaintiff Wei Min Xu was driving at the time of the motor vehicle collision. *Id.* at 3. Mr. Weis is the claim handler and insurance adjustor with Allstate assigned to Mr. Xu's claim with Allstate. *Id.* Ms. Weis is the unknown spouse of Mr. Weis. *Id.* As relevant to this Order, Mr. Xu asserts a breach of a common law duty of bad faith and a violation of the Consumer Protection Act ("CPA") against Mr. Weis.[1] *Id.* at 7.

Mr. Xu filed this case in King County Superior Court in January 2022. Dkt. No. 3-3 at 2. Allstate timely removed the case to this Court, asserting diversity jurisdiction on the basis that Mr. Weis[2] is fraudulently joined as a party to this case and should be disregarded for the purposes of determining diversity jurisdiction. Dkt. No. 1 at 3–4.

On April 20, 2022, the Court noted the Weis Defendants appeared not to have been served with process and ordered Mr. Xu to show cause why the Weis Defendants should not be dismissed for failure to serve process under Federal Rule of Civil Procedure 9(m). Dkt. No. 10 at 2. Mr. Xu responded by asking the Court to recognize that service was effected as to Defendant Mr. Weis, based on three attempts to serve him. Dkt. Nos. 11, 12. Allstate responded in turn,

---

[1] The complaint is somewhat unclear as to the exact claims asserted against Mr. Weis. At oral argument, Plaintiff clarified that these two claims are being asserted against Mr. Weis, and Allstate did not object.

[2] The citizenship of fictitious defendants, such as Defendant "Jane Doe" Weis, is disregarded in assessing removability. 28 U.S.C. § 1441(b). Therefore, the Court ignores the presence of Defendant "Jane Doe" Weis for the purposes of this analysis.

arguing that Mr. Xu failed to demonstrate adequate service of process on Mr. Weis and that the Weis Defendants are improperly joined in this case. Dkt. No. 13 at 2–3.

In reviewing the Parties' responses to the April 20 order, the Court was reminded that it must first assure itself that it has subject matter jurisdiction over this case. Dkt. No. 16 at 2–4. On June 7, the Court ordered Allstate to show cause why the case should not be remanded for lack of subject matter jurisdiction. Dkt. No. 16 at 1. Parties briefed the issue (Dkt. Nos. 17, 18, 20), and oral argument took place on December 1, 2022.

## II. Legal Standard

"[A] district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 967 (9th Cir. 2004). "If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

## III. Discussion

### A. Length of Defendant Allstate's Reply Brief

As an initial matter, the Court stated in its June 7 Order to Show Cause that "any reply brief shall not exceed six (6) pages." Dkt. No. 16 at 4. Allstate did not seek the Court's leave to extend its page limit, yet it filed a reply that is nine pages long. Dkt. No. 20. The Court may refuse to consider any text in excess of the page limit. *See* Local Civil Rule ("LCR") 7(e)(6). Here, however, Mr. Xu has not objected to the length of Allstate's reply brief and in any case was given an opportunity to address any portion of Allstate's reply brief at oral argument. Therefore, the Court will not strike the extra pages in this specific instance, as Mr. Xu does not suffer prejudice from the length of Allstate's reply brief.

**B. Fraudulent Joinder**

Allstate bases its removal on diversity jurisdiction. Dkt. No. 1 at 2; *see* 28 U.S.C. § 1441 (removal statute). "[A] federal court may exercise diversity jurisdiction 'only if there is no plaintiff and no defendant who are citizens of the same State.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)); *see also* 28 U.S.C. § 1332(a).

There is a strong presumption against federal jurisdiction in a removed case. *See, e.g.*, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The court must resolve "all ambiguity in favor of remand to state court." *Id.*

Both Mr. Xu and Mr. Weis are citizens of Washington (Dkt. No. 1-1 at 3), which ordinarily defeats diversity jurisdiction. Allstate argues that Mr. Weis's presence must be disregarded for the purposes of establishing diversity jurisdiction because he was fraudulently joined in this case. *See* Dkt. No. 1 at 3–4.

When "the plaintiff fails to state a cause of action against a resident [and therefore diversity-destroying] defendant, and the failure is obvious according to the settled rules of the state," the nondiverse defendant is deemed "fraudulently joined" and ignored for the purposes of determining diversity.[3] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see also Weeping Hollow Ave. Tr.*, 831 F.3d at 1113 (fraudulent joinder looks to whether plaintiff can state reasonable or colorable claim for relief). In short, "if there is a *possibility* that a state court would find that the complaint states a cause of action against [the nondiverse defendant,] the federal

[3] Fraudulent joinder may also be established by showing actual fraud in the pleading of jurisdictional facts. *See, e.g.*, *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). This form of fraudulent joinder is not at issue in this case.

court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046) (holding that the standard for fraudulent joinder is different from the Rule 12(b)(6) standard).

Defendants bear the burden of showing, by clear and convincing evidence, that fraudulent joinder exists and that removal was proper. *See, e.g.*, *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("clear and convincing evidence" standard); *see also Grancare, LLC*, 889 F.3d at 548 (defendant bears a "heavy burden").

Allstate argues that Mr. Xu's claims of bad faith and CPA violations against Mr. Weis are barred by Washington law. Dkt. No. 17 at 4. Allstate argues that the Washington Supreme Court decision *Keodalah v. Allstate Insurance Co.* ("*Keodalah II*"), 449 P.3d 1040 (Wash. 2019) (en banc), "confirmed" a long-standing stance of Washington courts that such claims are barred. Dkt. No. 17 at 5–6. According to Allstate, no court applying Washington law has recognized a common law bad faith claim against an insurance adjustor, and *Keodalah II* bars *any* bad faith or CPA violation claims against an individual adjustor. Dkt. No. 20 at 2.

Mr. Xu argues that Mr. Weis is properly joined because *Keodalah II* only holds that (1) there is no *statutory* bad faith claim against an individual adjustor (under RCW 48.01.030); and (2) there is no *per se* CPA claim against an individual adjustor. Dkt. No. 18 at 3. Mr. Xu argues that *Keodalah II* does not address whether a plaintiff may allege common law bad faith claims or non–*per se* CPA claims against an individual insurance adjustor, as explained by Justice Mary Yu's dissenting opinion. *Id.* at 4. Mr. Xu further notes that several decisions of this District have already held that *Keodalah II* left open whether common law bad faith and non–*per se* CPA claims may be asserted against an individual adjustor. *Id.* at 4–6.

**1. *Keodalah v. Allstate Insurance Co.***

In 2018, the Washington Court of Appeals held that an individual employee insurance adjustor may be individually liable for bad faith claims and CPA claims. *Keodalah v. Allstate Ins. Co.* ("*Keodalah I*"), 413 P.3d 1059, 1065 (Wash. Ct. App. 2018), *rev'd by Keodalah II*, 449 P.3d 1040. Then, in 2019 (notably, before Mr. Xu initiated this action), the Supreme Court of Washington reversed, holding that there is no implied cause of action for insurance bad faith against individual insurance representatives under RCW 48.01.030. *Keodalah II*, 449 P.3d at 1046. The court based this holding on a close analysis of RCW 48.01.030, including its statutory and historical context. *Id.* The court also held that insurance adjustors are not subject to personal liability for *per se* CPA claims brought on the basis of violations of Washington Administrative Code ("WAC") 284-30-330(2), (4), (6)–(8), and (13) and RCW 48.01.030, in part because an insurance agent is outside of the quasi-fiduciary relationship between the insurance company and the insured under RCW 48.01.030. *Id.* at 1047–48.

Justice Mary Yu dissented from the majority opinion in *Keodalah II*, writing that: (1) the Supreme Court had only reached the *statutory* bad faith claim but failed to reach whether the plaintiff had asserted a viable *common law* claim of bad faith; and (2) she would affirm the insured's *per se* CPA claim against the insurance representative. *Id.* at 1050 (Yu, J., dissenting). Justice Yu noted that the Supreme Court had never addressed the question of whether an employee adjustor owes a common law duty of good faith to the insured but argued that there was some basis in Washington precedent to find such a duty. *Id.* at 1051–52. She also added that "[c]onsiderations of policy, common sense, logic, and justice support recognizing a common law duty." *Id.* at 1052–53.

**2. Aftermath of *Keodalah II***

The Washington Supreme Court did not foreclose the assertion of a common law bad faith claim or non–*per se* CPA claim against an individual employee insurance adjustor—nor does Allstate cite any Washington court holding as much. The inquiry could end there, as neither claim is foreclosed by Washington law.

In any case, case law since *Keodalah II* only confirms this. One Court of Appeals has described *Keodalah II* as "based solely on an issue of statutory construction and not on whether the adjuster could be individually liable in tort," *R.N. v. Kiwanis Int'l*, 496 P.3d 748, 762 (Wash. Ct. App. 2021), which supports Justice Yu's analysis (and this Court's analysis) that *Keodalah II* did not address common law bad faith claims. Mr. Xu also points to a Washington Court of Appeals decision denying discretionary review because it was not obvious error for the trial court to conclude that *Keodalah II* did not bar common law bad faith claims against employee insurance adjustors. *Hunt v. USAA Cas. Ins.*, No. 54497-1, slip op. at 3–4 (Wash. Ct. App. 2021).[4] No other Washington state court appears to have ruled on whether a claim of common law bad faith or non–*per se* CPA violation can be asserted against an individual adjustor.

Federal courts have also found that *Keodalah II* does not extend to common law bad faith claims and non–*per se* CPA violations. This District has declined to find fraudulent joinder in similar circumstances as here, interpreting *Keodalah II* as only barring claims of statutory duty of good faith or *per se* CPA violations against insurance adjustors while leaving open the possibility of common law bad faith and non–*per se* CPA violation claims. *See, e.g.*, *Leonard v. First Am. Prop. & Cas. Ins. Co.*, No. C19-6089, 2020 WL 634430, at *2 (W.D. Wash. Feb. 11, 2020) (declining to find fraudulent joinder of insurance adjustors); *Fiorito v. Bankers Standard*

[4] This is available on the docket as Dkt. No. 19-2.

*Ins. Co.*, No. C19-1760, 2020 WL 4333779, at *2 (W.D. Wash. July 28, 2020) (same); *Hale v. Cnty. Mut. Ins. Co.*, No. C19-6059, 2020 WL 3433086, at *2 (W.D. Wash. June 23, 2020) (same).[5]

One such court noted that, even if an insured's CPA claim against an individual adjustor might be eventually dismissed as a nonviable claim, "it is better to leave such novel questions of Washington State law to Washington courts." *Leonard*, 2020 WL 634430, at *2. Another court also noted that it is possible for the Washington Supreme Court to go either way in the future in deciding whether a common law duty of good faith exists between an insured and insurance adjustor. *Fiorito*, 2020 WL 4333779 at *3; *see also Bundrick v. Allstate Fire & Cas. Ins. Co.*, C20-1334, 2020 WL 6392738, at *2 (W.D. Wash. Nov. 2, 2020) (declining to reconsider *Fiorito*); *Woelfle v. Am. Fam. Connect Prop.*, No. C21-1073, 2021 WL 4709901, at *1 (W.D. Wash. Oct. 8, 2021) (same).

In short, virtually all case law in the aftermath of *Keodalah II* agrees with Justice Yu, whose dissenting opinion is non-binding but provides a cogent, persuasive analysis, pointing out that the majority opinion left open the question of whether a common law bad faith claim can be asserted against an individual adjustor. Allstate points to no contrary authority.

**3. Viability of a Common Law Bad Faith Claim Against Mr. Weis**

Allstate has not met its burden of showing that Mr. Xu's claims against Mr. Weis are not possible. *See Grancare, LLC*, 889 F.3d at 548. While the Court is not bound by the prior decisions of courts interpreting *Keodalah II* (as well as Justice Yu's dissenting opinion), they are

---

[5] Another case, *Kolova v. Allstate Insurance Co.*, also touched on the issue, but it is not relevant to the Court's analysis because there, plaintiffs voluntarily dismissed the insurance adjustor when *Keodalah II* was issued, and the court did not address the implications of *Keodalah II*. 438 F. Supp. 3d 1192, 1197 (W.D. Wash. 2020). Plaintiff also relies on *Zuniga v. Standard Guaranty Insurance Co.*, No. C17-5176, 2017 WL 2266243 (W.D. Wash. May 24, 2017), but it relies on pre–*Keodalah II* Washington law and provides little persuasive value.

instructive in demonstrating, at the very least, that a reasonable doubt exists as to whether *Keodalah II* foreclosed all bad faith claims and CPA claims against individual insurance adjustors. Indeed, the *Keodalah II* majority opinion grounds its analysis of the bad faith claim at issue in statutory text and history, which of course cannot be applied to common law claims.

Allstate argues that *Keodalah II* found that the common law and statutory duties of good faith are co-extensive and only apply to the insurer-insured relationship.[6] Dkt. No. 17 at 6. At oral argument, Allstate further argued that the common law bad faith claim against individual insurance adjustors is purely theoretical and was essentially created by Justice Yu's dissent in *Keodalah II*. But this ignores that *Keodalah II* itself acknowledged existence of a separate common law duty of good faith and only found that RCW 48.01.030 did not create a *separate* and *new* cause of action for bad faith insurance claims. *Keodalah II*, 449 P.3d at 1046 ("An actionable common law duty of good faith had already been established when RCW 48.01.030 was enacted . . . . Nothing . . . indicates that RCW 48.01.030 was intended to alter the previously established common law duty.").

It does appear, to Allstate's credit, that there is some room for confusion in reading *Keodalah II*. The majority opinion appears to conflate the statutory bad faith claim with a "tort" claim. *See* 449 P.3d at 1047 ("Keodalah's [*per se*] CPA claim . . . fails, for a similar reason as his tort claim . . . ."). It also notes in passing that the court has previously "limited bad-faith tort claims to the context of the insurer-insured relationship," *see id.* at 1047 & n.6, primarily relying on *Tank v. State Farm Fire & Casualty Co.*, 715 P.2d 1133 (Wash. 1986). But, while *Tank*

---

[6] None of the other Washington cases that Allstate cites (Dkt. No. 20 at 5–6) as purportedly stating that the statutory and common law duties of good faith are co-extensive actually hold that the two are co-extensive; at most, they simply discuss the two duties together. *See Barriga Figueroa v. Prieto Mariscal*, 441 P.3d 818 (Wash. 2019); *Merriman v. Am. Guar. & Liab. Ins.*, 396 P.3d 351 (Wash. App. 2017); *St. Paul Fire & Marine Ins. Co. v. Onivia, Inc.*, 196 P.3d 664 (Wash. 2008).

emphasizes that the duty of good faith is based on the fiduciary relationship between the insurer and insured and finds that a *third-party claimant* has no right of action against the *insurer* for (statutory) bad faith, the first portion is *dicta* and the latter portion irrelevant to a claim brought by the insured against an insurance adjustor. *See* 715 P.2d at 1136, 1140.

Unfortunately, an absence of cases affirmatively recognizing a common law bad faith claim against individual adjustors does not preclude the existence of such a claim. It may very well be that the Court would agree with Allstate's reading of the *likely* state of Washington law—but that is not the question. As *Fiorito* noted, if a Washington court *could* find that an insured may assert a common law insurance bad faith claim against an individual employee insurance adjustor, even if unlikely, this Court must decline to find fraudulent joinder and defer to the state courts to determine the law. Here, Allstate failed to establish that Mr. Xu is foreclosed from asserting a common law bad faith claim against Mr. Weis under Washington law. Therefore, Mr. Weis is not fraudulently joined, and his presence in this case destroys complete diversity. Because the Court finds that Mr. Xu's common law bad faith claim is not foreclosed by Washington state law, it does not reach whether Mr. Xu is permitted to assert a non–*per se* CPA violation claim against Mr. Weis.

Lacking subject matter jurisdiction over this matter, the Court must remand this case to the King County Superior Court. The issue of whether Defendant Mr. Weis was properly served with process is moot.[7]

**C. Attorney Fees**

Plaintiff seeks to recover attorney fees. Dkt. No. 18 at 1. "[A] court may award costs and attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively

---

[7] The Court notes, in any case, that *attempted* service is not the same as actual service of process.

reasonable basis for seeking removal." *Grancare, LLC*, 889 F.3d at 552. Allstate's argument that *Keodalah II* forecloses the possibility of asserting any bad faith or CPA claims against Mr. Weis is not objectively unreasonable. The prior cases in this District ruling on this issue are not binding on this Court, and indeed, it may even be that, at a future date, the Washington state courts take Allstate's position and find that *Keodalah* forecloses the claims asserted against Mr. Weis. Therefore, the Court DENIES Plaintiff's request for attorney fees.

## IV. CONCLUSION

Accordingly, the case is REMANDED to King County Superior Court. Plaintiff's request for attorney fees and costs is DENIED. All pending motions and issues before this Court are VACATED.

Dated this 21st day of February 2023.

Tana Lin
United States District Judge